IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CECIL JOHNSON,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v　　　　　　　　　　　　　　　　　　) No.
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
DR. BRUCE LEVY, in his official capacities　)
　　as the Chief Medical Examiner for the　) **DEATH PENALTY CASE**
　　State of Tennessee and Medical　　　)
　　Examiner for the Metropolitan　　　　) **EXECUTION DATE 12/2/09 at 1:00 a.m.**
　　Government of Nashville and　　　　)
　　Davidson County, Tennessee; and　　)
　　　　　　　　　　　　　　　　　　　)
RICKY BELL, in his official capacity as　　)
　　Warden, Reverend Maximum　　　　)
　　Security Institution.　　　　　　　　)

## MEMORANDUM IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

When ruling on a motion for a temporary restraining order and a preliminary injunction, a district court must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) how the public interest would be affected by issuance of the injunction. Blue Cross & Blue Shield Mutual of Ohio v. Blue Cross and Blue Shield Association, 110 F.3d 318, 322 (6th Cir. 1997). Because each of these factors counsel that this Court enjoin Defendant Dr. Bruce Levy from performing an autopsy on Philip Johnson's body, this Court should enjoin him from doing so.

I　　　STRONG LIKELIHOOD OF SUCCESS ON THE MERITS

The free exercise clause of the First Amendment prohibits the government from placing a substantial burden on a sincerely held religious belief without having a compelling interest justifying the burden. Wilson v. National Labor Relations Board, 920 F.2d 1282, 1289-90 (6th Cir. 1990).

Mr. Johnson has a sincerely held religious belief that performing an autopsy on his body would amount to a desecration against his religious beliefs. See Declaration of Cecil Johnson and Rev. James (Tex) Thomas, attached to Mr. Johnson's Complaint as Exhibits 1 & 2..

Defendant Dr. Levy will know why Mr. Johnson will be dead - the State of Tennessee killed him by injecting his body with lethal chemicals. Therefore there is no compelling interest in performing an autopsy on Mr. Johnson's body.

Because Mr. Johnson's sincerely held religious belief far outweighs any State interest in performing an autopsy on his body, Mr. Johnson makes a strong showing that he will likely succeed on the merits of his lawsuit. See United States v. Hammer, 121 F.Supp.2d 794, 802 (M.D. Pa. 2000). Indeed, in 2001 this Court enjoined Dr. Levy from performing an autopsy on Mr. Workman under circumstances identical to those presented here. Workman v. Levy, 136 F.Supp.2d 899 (M.D. Tenn. 2001).

II IRREPARABLE HARM

If this Court does not enjoin Dr. Levy from performing an autopsy on Mr. Johnson's body, he will do so, and a violation of Mr. Johnson's sincerely held religious belief will occur. Nothing could thereafter be done to rectify that violation. Thus, Mr. Johnson would suffer irreparable harm if this Court did not enjoin Dr. Levy from performing an autopsy on his body.

III HARM TO OTHERS/PUBLIC INTEREST

Preventing Dr. Levy from performing an autopsy on Mr. Johnson's body harms no one. There is no public interest in having the autopsy performed.

IV  CONCLUSION

Each factor this Court considers in determining whether to enjoin Dr. Levy from performing an autopsy on Mr. Johnson's body counsels that this Court enjoin Dr. Levy from doing so. This Court should therefore enter a preliminary injunction precluding Dr. Levy from performing an autopsy on Mr. Johnson's body.

Respectfully submitted,

Donald E. Dawson, BPR #010723
POST-CONVICTION DEFENDER
530 Church Street - Suite 600
Nashville, Tennessee 37243
(615) 741-9385


James Winston Tiller, BPR #023932 *will permission* DED
Tiller-Allison PLLP
501 Union St, Ste. 502
Nashville, TN 37219

3

CERTIFICATE OF SERVICE

I certify that on December 1, 2009, I sent a copy by email of the foregoing to:

Bob Cooper
ATTORNEY GENERAL AND REPORTER
500 Charlotte Avenue
Nashville, Tennessee 37243; and

Sue B. Cain
Director of Law
Law Department for the Metropolitan Government of
Nashville and Davidson County, Tennessee
225 Polk Avenue - Suite 210
Nashville, Tennessee 37203