# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

CECIL JOHNSON,et. al,                          )
     Plaintiffs,                              )
v.                                             )     No. 3:09-1139
                                              )     JUDGE ECHOLS
DR. BRUCE LEVY,                                )
     Defendant.                               )

## DEFENDANT CHIEF MEDICAL EXAMINER'S RESPONSE TO SECOND AMENDMENT TO COMPLAINT

The plaintiffs cannot rely upon Tenn. Code Ann. § 4-1-407 to support their request for injunctive relief in federal court. Federal court claims for injunctive relief compelling state officials to comply with state law are barred by the Eleventh Amendment. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984).

Further, the defendant has shown compelling needs for an autopsy and that an autopsy to obtain fluids and view the organs is the least restrictive means to do so. The defendant has a compelling interest in assessing the effects of the lethal injection protocol. The least restrictive means to do so is by autopsy. Further, an autopsy is the only way to meet the government's compelling need to confirm that the sole cause of death was by lethal injection. The Warden's self serving statements should not be relied upon to determine cause of death. The independent verification by the medical examiner is the only means to determine that Mr. Johnson died pursuant to the lethal injection protocol.

Plaintiffs' First Amendment free exercise of religion rights are not violated. Under *Employment Division, Department of Human Resources of Oregon v. Smith*, 110 S.Ct. 1595 (1990), the right of free exercise of religion does not relieve the individual of the

obligation to comply with a religious-neutral law of general applicability on the ground that the law proscribes or prescribes conduct that his religion prescribes or proscribes. *Id.* at 1600.   The Sixth Circuit case relied upon by the plaintiffs, *Wilson v. National Labor Relations Board*, 920 F.2d 1282 (1990), is erroneous.    *Wilson* relied upon *Hernandez v. Commissioner*, 490 U.S. 680 (1989) as authority for its holding that government actions which substantially burden a sincerely held religious practice must be justified by a compelling government need.  *Employment Division* specifically struck down that standard, set forth in *Sherbert v. Verner*, 374 U.S. 383 (1963) and *Hernandez, supra*,  *See, Employment Division, supra* at 1602-03.

As to notice under Tenn. Code. Ann. § 38-7-106, Dr. Levy has not ordered an autopsy in this case, as this Court has entered a Restraining Order.  Therefore, the duty to notify next of kin has not become operable.  Further, Mrs. Johnson received actual notice.

RLUIPA does not apply to this case.  Preventing an autopsy on religious grounds is not the practice of religion while confined in prison.  Upon death, Mr. Johnson ceased being a prison resident.   Like all members of the public who meet the statutory criteria, Mr. Johnson's body  is subject to Dr. Levy's statutory authority to conduct an autopsy. *See* Tenn. Code Ann. § 38-7-106(a). If not so subject, Mr. Johnson would hold a position higher than a member of the general public. It is not the intent of RLUIPA to allow the plaintiff to assert a First Amendment right unavailable to other citizens. RLUIPA's purpose is to enable an institutionalized person to practice his religion **to the same extent as** a private citizen. RLUIPA attempts to equalize the rights of

institutionalized and private citizens.  .Applying RLUIPA to this case would not equalize but grant Mr. Johnson rights superior to the general public.

The plaintiffs have no fundamental property or privacy right regarding Mr. Johnson's body  infringed upon by the defendant.  The next of kin's common law duty to bury their dead is not absolute but must yield when in conflict with the public good. *Estes v. Woodlawn Memorial Park, Inc.*, 780 S.W.2d 759, 762 (Tenn.Ct.App. 1989). The laws of the public good are set forth in Tennessee's autopsy laws, Tenn. Code Ann. § 38-7-101, *et seq.*  In between the time of death and burial, the public general welfare autopsy laws apply.

Wherefore, for the foregoing reasons, defendant Dr. Levy, in his capacity as Chief Medical Examiner, respectfully moves the Court to lift the restraining order and deny the plaintiff's request for a preliminary injunction.  A memorandum of law in support of this response accompanies it.

Respectfully submitted,

ROBERT E. COOPER, JR.#010934
Attorney General and Reporter

/S/ PAMELA S. LORCH #8968
Pamela S. Lorch
Senior Counsel
Attorney General's Office
PO Box 20207
Nashville, TN 37202
(615) 532-2549
Counsel for Dr. Bruce Levy as Chief Medical
Examiner for the State of Tennessee

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been delivered to the following persons via the Court's electronic filing system or other appropriate means on December 7, 2009:

Donald E. Dawson
Bradley MacLean
530 Church Street-Suite 600
Nashville, TN 37243

James Winston Tiller
Tiller-Allison
501 Union St. Ste. 502
Nashville, TN 37219

William H. Farmer
150 4th Avenue North Suite 1820
Nashville, TN  37219


SUE B. CAIN
Director of Law, Department of Law of the
Metropolitan Government of Nashville and
Davidson County
 LORA BARKENBUS FOX
 ELIZABETH A. SANDERS
Assistant Metropolitan Attorneys
P.O. Box 196300
108 Metropolitan Courthouse
Nashville, TN 37219-6300


/S/ PAMELA S. LORCH
PAMELA S. LORCH