IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CECIL JOHNSON, )
    Plaintiff, )
v. ) No. 3:09-CV-1139
) JUDGE ECHOLS
DR. BRUCE LEVY & )
RICKY BELL )
    Defendants. )

## RESPONSE FOR PRELIMINARY INJUNCTION HEARING RELATED TO SECOND AMENDED COMPLAINT

Comes now the Defendant, Dr. Bruce Levy, in his official capacity as County Medical Examiner for the Metropolitan Government, and files this Response to the Third Amended Complaint.

### I. CONSTITUTIONAL ARGUMENTS ARE INSUFFICIENT TO ENJOIN AN AUTOPSY.

The Third Amended Complaint adds Sarah Ann Johnson, Mr. Johnson's widow, as a Plaintiff. This Response will show that for the preliminary injunction factor of whether Plaintiff is likely to succeed on the merits, the answer related is no because Mr. Johnson's widow does not state a cause of action.

Mr. Johnson does not have a Section 1983 cause of action for events that occur subsequent to his death. *Whitehurst v. Wright,* 592 F.2d 834, 840 (5th Cir.1979) ("After death, one is no longer a person within our constitutional and statutory framework, and has no rights of which he may be deprived.") . *Guyton v. Phillips*, 606 F.2d 248, 250 (10th Cir. 1979)("the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985, does not provide a cause of action on behalf of a deceased based upon alleged violation of the deceased's civil rights which occurred after his death."); *See also, Silkwood v. Kerr McGee Corp.*, 637 F.2d 743, 749 (10th Cir. 1980); *Riley v.*

*St. Louis County of Missouri*, 153 F.3d 627, 630 (8th Cir. 1998); *Callihan v. Sudimack*, 117 F.3d 1420, 1997 WL 397212, at *2 (6th Cir. 1997).

The § 1983 claim therefore is personal to Mr. Johnson's widow and she does not have cognizable constitutional interest in preventing the autopsy:

> The obvious question, then, is whether Stone has shown a substantial likelihood that her First Amendment right to the free exercise of religion will be violated by the State's performance of an autopsy on her father. She has not done so. Indeed, <u>Stone does not identify a single authority recognizing a plaintiff's First Amendment right to prevent the performance of an autopsy on a family member's body because of the plaintiff's religious beliefs</u>….
>
> Furthermore, the Court's research has disclosed a number of federal authorities that appear contrary to Stone's position in this case. *See Arnaud v. Odom,* 870 F.2d 304, 311 & n. 2 (5th Cir.1989) (rejecting parents' claim that deputy coroner's medical experimentation on body of child violated their First Amendment right to bury infant in manner consistent with their religious beliefs, inasmuch as the constitutional umbrella could not be extended to encompass next of kin's state law rights in that regard); *Love v. Bolinger,* 927 F.Supp. 1131, 1136 n. 7 (S.D.Ind.1996) ("there is no constitutional interest implicated by autopsies performed on a relative's body"); *Tafoya v. Bobroff,* 865 F.Supp. 742, 751-52 (D.N.M.1994) (finding that plaintiff had no constitutional deprivation when government allegedly ordered drug and alcohol tests to be performed on relative's corpse); *Yang v. Sturner,* 750 F.Supp. 558, 560 (D.R.I.1990) (overruling plaintiffs' religious objection to autopsy of son where state statute governing autopsies is a facially neutral law); *Montgomery v. County of Clinton, Mich.,* 743 F.Supp. 1253, 1260 (W.D.Mich.1990) (finding that while government officials' authorization of autopsy on plaintiff's son may have had incidental effect on plaintiff's practice of her religion, that effect does not offend the First Amendment)….

*Stone v. Allen* WL 2807351, 1-3 (S.D.Ala.2007) (dismissing a lawsuit brought by the daughter of a prisoner soon to be executed).

## II. STATE LAW CLAIMS ARE INSUFFICIENT TO ENJOIN AN AUTOPSY.

Under the new state law raised by the Third Amended Complaint, a state law may not burden a person's free exercise of religion unless there is a compelling governmental interest:

> (b) Except as provided in subsection (c), no government entity shall substantially burden a person's free exercise of religion even if the burden results from a rule of general applicability.
> (c) No government entity shall substantially burden a person's free exercise of religion unless it demonstrates that application of the burden to the person is:
>
> (1) Essential to further a compelling governmental interest; and
>
> (2) The least restrictive means of furthering that compelling governmental interest.

T.C.A. § 4-1-407. The clearest evidence that the state has a compelling governmental interest is found in the medical examiner's statute, where the medical examiner is given the authority to perform autopsies on executed prisoners:

> (a) A county medical examiner may perform or order an autopsy on the body of any person in a case involving a homicide, suspected homicide, a suicide, a violent, unnatural or suspicious death, an unexpected apparent natural death in an adult, sudden unexpected infant and child deaths, deaths believed to represent a threat to public health or safety, <u>and executed prisoners</u>.

T.C.A. § 38-7-106 (emphasis added).

The Court can take judicial notice that although there are no such accusations in this case, there are circumstances where claims are made that lethal injections are not properly carried out:

> Arkansas, however, has conducted 27 executions by lethal injection, and Plaintiffs contend that four of those executions were "botched" and "likely ... excruciatingly and unconstitutionally torturous for the prisoner involved." (Plfs.' Resp. at 3.)
>
> Dr. Heath acknowledges that 2 grams of sodium thiopental (1 gram less than the dose mandated by the ADC's protocol) if properly administered into the bloodstream, "would be more than sufficient to cause unconsciousness and, eventually, death, if no resuscitation efforts were made...." (6/11/2006 Heath Dec. ¶ 26.) However, Dr. Health states that his research indicates that executions have

occurred where the full dose of sodium thiopental listed in the protocol was not fully and properly administered.

According to Dr. Heath, witness accounts and execution records regarding the executions of Arkansas death row inmates Ronald Gene Simmons, Rickey Ray Rector, Steven Hill, and Christina Riggs "are indicative of problems with the administration of lethal drugs and raise concerns that adequate anesthesia may not be being reliably provided."

*Nooner v. Norris*, 2008 WL 3211290, 10 (E.D.Ark.2008)

As long as the death penalty is in effect, there will be a need for an independent check on the system of justice, to assure that the penalty is properly administered and that there are no intervening factors in the death. This check benefits the prisoner, the state, and the public at large. The state has acknowledged the need for this independent check by expressly authorizing autopsies on executed prisoners. For these reasons the Court should find that a compelling governmental interest justifies the autopsy of Cecil Johnson.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
SUE B. CAIN, #9380
Director of Law

/S/ LORA BARKENBUS FOX
Lora Barkenbus Fox (#17243)
Elizabeth A. Sanders (#23873)
Assistant Metropolitan Attorneys
P.O. Box 196300
108 Metropolitan Courthouse
Nashville, TN  37219-6300
(615) 862-6341
Counsel for Dr. Bruce Levy as County Medical
Examiner for the Metropolitan Government

# CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing has been delivered to the following persons via the Court's electronic filing system or other appropriate means on December 7, 2009:

Donald E. Dawson
Bradley MacLean
Post Conviction Defender's Office
530 Church Street
Suite 600
Nashville, TN 37243-0505
don.dawson@state.tn.us

Pamela S. Lorch
Senior Counsel
Attorney General's Office
PO Box 20207
Nashville, TN 37202
pam.lorch@ag.tn.gov

James W. Tiller
Tiller-Allison, PLLP
501 Union Street
Suite 502
Nashville, TN 37219
jim@tillerallison.com

William Farmer
150 4th Avenue North, Suite 1820
Nashville, TN 37219
bfarmer@joneshawkinsfarmer.com
lneeley@joneshawkinsfarmer.com
yarledge@joneshawkinsfarmer.com

                                        /S/ LORA BARKENBUS FOX